TOURTELOTT and Another *v.* JUNKIN and Others.

*A.* took a lease of real estate, covenanting to pay rent, &c. Several weeks afterwards, *B.* agreed with the lessor by a writing obligatory to be surety for the lessee. *Held,* that the contracts of *A.* and *B.* were several, and did not subject them to a joint suit.

ERROR to the *Pike* Circuit Court.

BLACKFORD, J.—This was an action of covenant by the

May Term,
1838.

TOURTELOTT
v.
JUNKIN.

Tuesday,
May 29.

May Term, 1838.

TOURTELOTT
v.
JUNKIN.

trustees of certain school land, founded on an indenture of lease. The breach assigned is the non-payment of rent.

The declaration states that the plaintiffs, on the 23d of January, 1830, leased certain land to Tourtelott, one of the defendants, for two years from the first of March, 1830; that Tourtelott, by a covenant in the lease, was to pay 20 dollars of the rent on the 25th of December, 1830, and 60 dollars of the rent, on the 25th of December, 1831; but that the defendant, Tourtelott, had not paid the rent agreeably to his contract. The declaration further states, that after the execution of the indenture of lease between the plaintiffs and Tourtelott, to wit, on the 14th of February, 1830, the other defendant, Stewart, by his agreement under seal, covenanted with the plaintiffs to become surety to them for Tourtelott's faithful performance of his covenants contained in the lease. The declaration then concludes by saying, that by means of the non-performance of Tourtelott's covenants in the lease, the plaintiffs have sustained damage to the amount of 200 dollars.

There was a general demurrer to this declaration, and a judgment for the plaintiffs:

The judgment, in this case, is wrong. The suit is against two persons for a breach of contract,. and it cannot be sustained if the contract be not a joint one. Tourtelott leased the land from the plaintiffs on the 23d of January, 1830, and bound himself, by a covenant in the lease, to pay the rent as it became due. Several weeks afterwards, to wit, on the 14th of February, 1830, Stewart obligated himself, by another instrument under seal, to become surety for Tourtelott's compliance with his agreement. These contracts are entirely separate and distinct. The land, according to the declaration, was leased by the plaintiffs to Tourtelott, upon the consideration, not of a joint covenant by Tourtelott and Stewart to pay the rent, but of Tourtelott's covenant alone for the payment of it. Stewart is not a party to the lease. The consequence is, that a suit founded on the covenant to pay rent, contained in the lease, can be sustained only against Tourtelott, the lessee of the premises. Stewart may, perhaps, be liable on his own subsequent and separate covenant with the plaintiffs, but the action in that case, if sustainable, must be brought against him alone.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Cause May Term, 1838.

*D. M'Donald*, for the plaintiffs.
*J. Law*, for the defendants.